UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANA PATRICK,

    Plaintiff,

v.                      Case No. 8:25-cv-01690-WFJ-TGW

MIKE FASANO, as Pasco County
Tax Collector,

    Defendant.
_____/

**PLANTIFF'S OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTION TO DISMISS COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Non-Prisoner Complaint) (Dkt. 1) WITH PREJUDICE AND MEMORANDUM OF LAW**

Plaintiff, pro se, respectfully submits this Opposition to Defendant's Motion to Dismiss (Dkt. 7), and states as follows:

### 1. INTRODUCTION

Defendant seeks dismissal with prejudice of Plaintiff's civil rights claims, arguing that (1) res judicata bars this action, (2) Plaintiff lacks standing, and (3) Defendant's prior approval policy is reasonable under forum doctrine. Each argument fails.

This case is about whether an elected official may enforce a blanket policy that prohibits all audio and video recording in a government office lobby open to the public, absent his prior approval. Such a policy strikes at the heart of the First Amendment, which protects both the right to publish and the right to gather news. Conditioning this right on government permission is a classic prior restraint, presumptively unconstitutional.

1

Res judicata does not apply because the earlier Patrick v. McGuire case involved a different defendant and cannot bar claims arising from ongoing enforcement by Fasano himself. Plaintiff had standing because she was trespassed, detained, and denied access — concrete and particularized injuries traceable to the challenged policy. And forum doctrine cannot save Defendant's rule; even in a limited forum, restrictions must be reasonable, viewpoint neutral, and narrowly tailored. Fasano's blanket ban fails all three tests. Dismissal with prejudice is unwarranted. At minimum, Plaintiff has stated plausible claims that should proceed to discovery.

## 2. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint. To survive, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

At this stage, courts must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. Twombly, 550 U.S. at 555. Moreover, pleadings filed by a pro se litigant are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

## 3. RES JUDICATA DOES NOT APPLY

Defendant argues that Plaintiff's claims are barred by res judicata based on Patrick v. McGuire, Case No. 8:24-cv-00999-MSS-NHA. This argument fails.

**A. Different Parties**

The prior case involved Lisa McGuire, a branch office manager, Captain Rowe and Sergeant Shireman, both Dade City Police Officers. This case names Mike Fasano, the elected Tax

2

Collector, who sets and enforces the county-wide policy. Res judicata requires "identity of McGuire, a mid-level employee, is not identical to Fasano, an elected constitutional officer.

### B. Prior Case was on Appeal

The McGuire judgment was on appeal to the Eleventh Circuit (Case No. 24-14001-H). Preclusion is inappropriate due to "no action will be taken" on account of a clerical error.

### C. Continuing Violations

Res judicata does not bar suits based on ongoing violations. Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955). Fasano's policy remains in effect and continues to chill Plaintiff's rights.

### D. Different Claims and Relief

This case challenges the policy directly, seeks injunctive relief, and requests damages for continuing enforcement. The earlier case addressed a single incident.

→ **Conclusion**: Res judicata is inapplicable.

## 4. PLAINTIFF HAS STANDING

Article III requires injury in fact, causation, and redressability. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff meets all three.

### A. Concrete and Particularized Injury

Plaintiff was trespassed and denied access for recording in a public lobby from three Pasco County Tax Collectors locations. Exclusion from a public building and loss of a constitutional right are concrete injuries. City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750, 756 (1988). The Eleventh Circuit expressly recognizes the right to record. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000).

### B. Causation

The injury flows directly from Fasano's policy requiring prior approval.

### C. Redressability

An injunction striking down the policy would eliminate the risk of future trespass and arrest.

→ **Conclusion**: Plaintiff has standing.

## 5. THE POLICY IS AN UNCONSTITUTIONAL PRIOR RESTRAINT

### A. Prior Restraints are Presumptively Invalid

"Any system of prior restraints of expression comes...bearing a heavy presumption against its constitutional validity." Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963). Fasano's rule requires prior approval for all recording, giving him unbridled discretion. This is the type of unconstitutional licensing scheme condemned in Shuttlesworth v. Birmingham, 394 U.S. 147, 150–51 (1969).

### B. Right to Gather Information

The First Amendment protects news-gathering. Branzburg v. Hayes, 408 U.S. 665, 681 (1972). The Eleventh Circuit guarantees a right to record public officials. "The constitution does no more than assure equal access to information once government has opened its doors." Houchins v KQED, Inc., 438 U.S. 1, 16 (1978). Other circuits agree. Glik v. Cunniffe, 655 F.3d 78, 82 (1st Cir. 2011).

### C. Not Narrowly Tailored

The stated interest (protecting private data) could be served by less restrictive measures (privacy screens, redaction, workstation limits). A categorical ban is overbroad. Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989). The government's obligation to keep private information in their care secure relates to records only. The government is under

4

no obligation to stop citizens from overhearing or observing someone's personal information and it's not illegal for me to possess anyone's private information.

### D. Chilling Effect

Threat of trespass and arrest chills protected activity. Virginia v. Am. Booksellers Ass'n, 484 U.S. 383, 393 (1988).

→ **Conclusion:** Fasano's policy is a textbook prior restraint.

## 6. FORUM DOCTRINE MISAPPLIED

### A. Lobby is a Public/Designated Forum

The Tax Collector's lobby is open to all citizens for civic purposes. Government spaces opened to the public are at least designated public forums. Widmar v. Vincent, 454 U.S. 263, 267 (1981). The Constitution, page 454 U.S. 268, "forbids a state to enforce certain exclusions from a forum generally open to the public, even if it was not required to create the forum in the first place. See, e.g., Madison Joint school District v Wisconsin Employment Relations Comm'n, 429 U.S. 167 , 429 U.S. 175, and n. 8 (1976) (although a State may conduct business in private session, "[w]here the State has opened a forum for direct citizen involvement," exclusions bear a heavy burden of justification).

### B. Restrictions Must Be Reasonable

Even in a limited forum, restrictions must be "reasonable in light of the purpose served." Good News Club v. Milford Cent. Sch., 533 U.S. 98, 106–07 (2001). A categorical ban is not reasonable or narrowly tailored. "We understand these cases as standing for the proposition that it is unreasonable to issue a blanket prohibition against the recording of a public official performing public duties on public property, so long as the recording does not interfere with the performance of the official's duties. 'Such peaceful recording of

[the performance of a public duty] in a public space . . . is not reasonably subject to limitation.' Glik, 655 F.3d at 84. This helps explain why these cases make no effort to determine whether the location of the recording is a public forum: Because prohibiting the recording of a public official performing a public duty on public property is unreasonable, the specific nature of the public property is irrelevant." Gordon Price v. Merrick Garland, No. 21-5073 (D.C. Cir. 2022) Page 16.

### C. Unfettered Discretion

Policies vesting officials with unchecked authority are unconstitutional. City of Lakewood, 486 U.S. at 757. Fasano's rule requires his approval without standards or criteria.

### D. Not Viewpoint Neutral in Practice

Enforced against journalists but not ordinary citizens using phones, the policy functions as viewpoint discrimination. Minnesota Voters Alliance v. Mansky, 138 S. Ct. 1876, 1885 (2018).

→ **Conclusion**: Forum doctrine cannot save this unconstitutional policy.

## 7. SUNSHINE LAW CLAIM

Defendant argues the Florida Sunshine Law is inapplicable. Even if so, that does not defeat Plaintiff's independent federal constitutional claims.

## 8. ALTERNATIVE RELIEF

Should the Court find any pleading deficiency, Plaintiff respectfully requests leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend "shall be freely given when justice so requires").

## 9. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied. Plaintiff has adequately alleged standing and stated plausible First Amendment claims. Defendant's policy is an unconstitutional prior restraint, misapplied under forum doctrine, and not shielded by res judicata.

In the alternative, Plaintiff requests leave to amend.

Respectfully submitted,

*/s/ Lana Patrick*

9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
(904)-524-6030
thejtownpress@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of September, 2025, I emailed and mailed a copy of the foregoing to: Frederick T. Reeves, Esq.
5709 Tidalwave Drive
New Port Richey, Florida 34652
freeves@tbaylaw.com

/s/ Lana Patrick

9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
thejtownpress@gmail.com
(904)-524-6030