UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LANA PATRICK,** *pro se,*

      **Plaintiffs,**

                                      Case No. 8:25-cv-01690-WFJ-TGW

v.

**MIKE FASANO, as Pasco County
Tax Collector,**

      **Defendant.**

_____/

**DEFENDANT MIKE FASANO's, as PASCO COUNTY TAX COLLECTOR,
REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT's DISPOSITIVE MOTION TO DISMISS COMPLAINT
FOR VIOLATION OF CIVIL RIGHTS (Non-Prisoner Complaint) (Dkt. 1)
WITH PREJUDICE AND MEMORANDUM OF LAW (Dkt. 7)
<u>AND REQUEST FOR JUDICIAL NOTICE</u>**

Pursuant to the court's Order dated August 27, 2025 (Dkt. 8), Defendant, MIKE FASANO, as Pasco County Tax Collector (hereinafter "FASANO"), through counsel, **replies** to Plaintiff's Opposition to Defendant's Dispositive Motion to Dismiss Complaint for Violation of Civil Rights (Non-Prisoner Complaint) (Dkt. 1) With Prejudice and Memorandum of Law (Dkt. 9) (hereinafter "Opposition") and states:

### 1. INTRODUCTION

FASANO objects to the factual characterizations set forth in this section of the Opposition and replies only to point out to the court that Plaintiff raises an

entirely new issue in the Opposition: the issue of prior restraint. This issue was not pled or raised in any way in Plaintiff's complaint and, in any event, is meritless. Additionally, Plaintiffs arguments concerning *res judicata,* Article III standing, and forum analysis are meritless. **FASANO does not reply to every argument made in the Opposition, only to the arguments specifically indicated herein.**

### 3.     *RES JUDICATA* APPLIES IN THIS CASE

**A.     Different Parties and Request for Judicial Notice**

Contrary to the assertion of Plaintiff in Opposition § 3.A., there is ***privity*** between FASANO and his employee, Lisa McGuire. Therefore, for purposes of applying *res judicata,* this prong/requirement is met. *See Richards v. Jefferson County, Alabama,* 517 U.S. 793, 798, 116 S. Ct. 1761, 1766, 135 L.Ed.2d 76 (1996) ("(o)f course, these principles do not always require one to have been a party to a judgment in order to be bound by it.  Most notably, there is an exception when it can be said that there is "privity" between a party to the second case and a party who is bound by an earlier judgment").

There can be no doubt that Lisa McGuire, in the FIRST PATRICK CASE, was an employee of FASANO: Plaintiff alleged in the complaint in the FIRST PATRICK CASE that "Defendant Lisa McGuire was employed by the Pasco County Tax Collector as a manager at all times relevant to the allegations in this complaint…"

FIRST PATRICK CASE Complaint ¶ 2, which is attached hereto as **Exhibit 1. FASANO would request the court to judicially notice the FIRST PATRICK CASE complaint in its consideration of FASANO's motion to dismiss with prejudice (Dkt. 7)[1] so it may consider FIRST PATRICK CASE Complaint ¶ 2.**

B.     **Prior Case on Appeal**

The pending appeal of the order/judgment in the *McGuire* case does not save Plaintiff. A district court's judgment is generally both effective and "final" for *res judicata/*preclusion purposes as soon as it is entered. *Coleman v. Tollefson*, 575 U.S. 532, 539, 135 S.Ct. 1759, 191 L.Ed.2d 803 (2015); *Boyd v. Sec., Dept. of Corrections,* 114 F.4th 1232, 1238 (11th Cir. 2024). That is true whether or not the losing party (in this case Plaintiff) files an appeal. *Id.*

---

[1] While a court is ordinarily limited to the allegations of a plaintiff's complaint, a district court may consider an extrinsic document in ruling on a motion to dismiss if the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dept. of HHS,* 623 F.3d 1371, 1379 (11th Cir. 2010), (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010). Additionally, a court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records which are "central" to a plaintiff's claims, without converting the motion to dismiss into a motion for summary judgment. This is so, as long as such documents are "public records that (are) 'capable of accurate and ready determination by resort to sources whose accuracy (can) not reasonably be questioned.'" *Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010). Moreover, "a court may take notice of another's court order … for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation." *U.S. v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). *See also Adeniji v. Fla. State College,* 2014 WL 5437059 (M.D. Fla. Oct. 24, 2014). Hence, the complaint in the FIRST PATRICK CASE should be judicially noticed by the court and considered in ruling upon FASANO's motion to dismiss.

### C. Continuing Violations

Based on the order/judgment issued by U.S. District Judge Scriven in the FIRST PATRICK CASE, there exist no ongoing *violations.* As stated by Judge Scriven, FASANO's written policy "withstands constitutional scrutiny under Eleventh Circuit precedent" and there is no First Amendment (or other) violation.

### D. Different Claims and Relief

The fact that Plaintiff is now seeking "…injunctive relief, and requests damages for continuing enforcement…," does not save her. *res judicata* "applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact." *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990); *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1330 (11th Cir. 2024). Because legal theories are different from operative facts, a different legal theory does not necessarily mean a different nucleus of operative fact. *Id.* The legal theories advanced by Plaintiff in this case arise from the same nucleus of operative fact as the FIRST PATRICK CASE and could have been brought in that case. Hence, Plaintiff's argument based on different claims and relief must fail.

### 5. THE POLICY IS *NOT* AN UNCONSTITUTIONAL PRIOR RESTRAINT

The issue of whether FASANO's policy constitutes an unconstitutional prior restraint (raised for the first time in Plaintiff's Opposition) has been addressed in

the remarkably similar case of *Sheets v. City of Punta Gorda,* 415 F.Supp.3d 1115 (M.D. Fla. 2019). *Sheets* involved a recording ordinance, as opposed to the recording written policy in this case and the FIRST PATRICK CASE. Despite this minor difference in the facts, *Sheets* and the instant case are virtually identical.

> The facts of *Sheets* are as follows:
>
> This is a case about video recording inside a government building. (Doc. 23). The City has a municipal ordinance prohibiting video and sound recording without the consent of those being recorded (the "Ordinance"). Punta Gorda Code § 15-48(e). This prohibition applies to City Hall and the City Hall Annex.2 *Id.* at § 15-48(d)-(e). To test the Ordinance, Sheets went to City Hall wearing a body camera. Once inside, Sheets walked into the City clerk's office and asked for a copy of the Ordinance. The City employee behind the counter asked if she was being recorded and told Sheets that she did not consent to recording. Another City employee walked over and refused her consent too. In the end, the City employees gave Sheets a copy of the Ordinance, so he left City Hall and went to the City police station. There, Sheets asked to speak with the police chief before an officer issued him a trespass warning. The officer directed Sheets not to return to City Hall or the Annex for one year.

*Sheets,* 415 F.Supp.3d at 1120. In addressing a prior restraint claim very similar to the claim raised by Plaintiff herein, the court stated:

> Finally, there is a question of whether the Ordinance is a prior restraint at all. "A prior restraint on expression exists when the government can deny access to a forum for expression before the expression occurs." *United States v. Frandsen,* 212 F.3d 1231, 1236-37 (11th Cir. 2000). Here, anyone can enter City Hall and record a nonconsenting person without punishment or exclusion. So the Ordinance appears to be a subsequent punishment, "which regulate[s] a given type of speech by penalizing the speech only *after* it occurs." *Barrett,* 872 F.3d at 1223; *see also Otto v. City of Boca Raton, Fla.,* 353 F. Supp. 3d 1237, 1271 (S.D Fla. 2019) (holding ordinances were not prior restraints because they penalized speech after it occurred rather than establishing a permitting scheme to allow the government to prevent speech in advance). The Eleventh Circuit left open the question of if the unbridled discretion doctrine "could somehow be applied beyond the context of prior restraints." *Barrett,* 872 F.3d at 1222. Sheets argued the Ordinance is a prior restraint because it prohibits recording unless and until consent is given. The City

disagrees; so does the Court. The Ordinance does not penalize unconsented recording. Instead, it penalizes the subsequent refusals to stop recording without consent or leave City Hall because they disrupt the purpose of the forum.

*Sheets,* 415 F.Supp.3d at 1126. A similar analysis should apply in the instant case concerning FASANO's written policy, and the court should find that it does not constitute an unconstitutional prior restraint.

### 6. FORUM DOCTRINE APPLIED CORRECTLY

FASANO does not reply to this section of Plaintiff's Opposition and relies on the argument advanced in FASANO's motion to dismiss with prejudice (Dkt. 7) and the analysis of Judge Scriven in her order in the FIRST PATRICK CASE, which is attached as **Exhibit 1** to FASANO's motion to dismiss with prejudice (Dkt. 7).

WHEREFORE, FASANO respectfully requests the Court to (1) take judicial notice of the complaint in the FIRST PATRICK CASE and (2) dismiss Plaintiff's Complaint with prejudice, along with such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esq.
Fla. Bar No. 499234
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile (727) 844-3114

>freeves@tbaylaw.com
>vicki@tbaylaw.com
>
>Attorneys for Defendant, MIKE FASANO, AS PASCO COUNTY TAX COLLECTOR

## Certificate of Service

I HEREBY CERTIFY that, on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy of the same, along with the notice of electronic filing, by e-mail and First Class U.S. Mail to the following:

Lana Patrick, *pro se*
9378 Arlington Expressway PMB 204
Jacksonville, Florida 32225
thejtownpress@gmail.com

>/s/ Frederick T. Reeves
>Frederick T. Reeves, Esq.