UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANA PATRICK,

    Plaintiff,
v.                                                          Case No. 8:25-cv-1690-WFJ-TGW

MIKE FASANO, Pasco County
Tax Collector,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Mike Fasano's Motion to Dismiss (Dkt. 7), Plaintiff's response (Dkt. 9), and Defendant's Reply (Dkt. 10). After careful consideration of the allegations of the Complaint for Violation of Civil Rights (Dkt. 1), the submissions of the parties, and the entire file, the Court concludes the motion is due to be granted.

## BACKGROUND

This is not the first federal civil rights lawsuit Plaintiff Lana Patrick has filed contesting the policy of the Pasco County Tax Collector's office prohibiting journalists from video recording without prior approval. Despite Plaintiff's

unsuccessful prior attempt, Ms. Patrick files this action challenging the very same policy.[1]

In 2024, Plaintiff sued an employee of the Pasco County Tax Collector's office (Lisa McGuire), together with two officers of the Dade City Police Department—Sergeant Shireman and Captain Rowe. *Patrick v. McGuire*, No. 8:24-cv-999-MSS-NHA. She alleged civil rights violations under 42 U.S.C. § 1983 arising from a May 2023 incident when she entered the Pasco County Tax Collector's office and began video recording. *Id.* at Dkt. 1-2 ¶ 6.[2] Plaintiff was given a copy of the office policy against video recording and asked to stop. *Id.* at Dkt. 1-2 ¶ 8. When Plaintiff refused, the police "unlawfully trespassed her from a public building." *Id.* at Dkt. 1-2 at 2–3. In addition to an unlawful trespass claim, she raised First Amendment retaliation, Fourth Amendment violations by threatening to arrest Plaintiff if she failed to provide identification, and a Fourteen Amendment due process claim for taking her liberty interest in public property. *Id.* at Dkt. 1-2 at 3.

---

[1] *See also Patrick v. Grahm, et al.*, No. 3-24-cv-580-WWB-SJH (M.D. Fla. Nov. 20, 2024) (this Plaintiff with similar litigation regarding Duval County School Board), *report and recommendation adopted*, 2025 WL 1262948 (M.D. Fla. Mar. 12, 2025), appeal pending, No. 25-10895-G (11th Cir. 2025); *Patrick v. Maertz, et al.*, No. 3-24-cv-197-WWB-MCR, 2024 WL 4980999 (M.D. Fla. Oct. 4, 2024), *report and recommendation adopted*, 2024 WL 4979191 (M.D. Fla. Dec. 4, 2024) (same Plaintiff regarding Clay County Utility Department).
[2] The complaint is also attached to Defendant's reply in this case. Dkt. 10-1.

2

The facts are set forth and analyzed in *Patrick v. McGuire*, No. 8:24-cv-999-MSS-NHA, 2024 WL 4803212, at *1–2 (M.D. Fla. Nov. 15, 2024) ("*Patrick I*"). There, Defendants moved to dismiss. The district court granted dismissal with prejudice in a thorough and well-reasoned order. *Patrick I*, 2024 WL 4803212, at *8. No further amendments were permitted as any such attempt would be futile. *Id.*[3] Seven months later, Ms. Patrick filed the instant action.

## ALLEGATIONS

In this second, bare-boned complaint, Plaintiff again alleges that she is an independent "Journalist/Activist." Dkt. 1-1 ¶ 1. She names one Defendant: Mike Fasano as the elected Pasco County Tax Collector. Dkt. 1-1 ¶ 2. Ms. Patrick again seeks $100,000 in punitive damages. Dkt. 1-1 ¶ 10. She additionally asks that the office policy be removed as an unconstitutional prior restraint. *Id.*

Plaintiff alleges that Defendant "has put into place a policy that violates my right of access to gather information" under the First Amendment. Dkt. 1-1 ¶ 3. The complaint claims that "for years now the Pasco County tax collector has denied citizen journalists the ability to enter the publicly accessible areas of its offices if we are audio/video recording." *Id.* ¶ 4. As alleged in the prior

---

[3] *Patrick I* is pending on appeal, although the Eleventh Circuit appears to have dismissed the case. *Patrick v. McGuire*, No. 24-14001-H (11th Cir. 2024) at Dkts. 8, 20, 22.

3

complaint, Plaintiff alleges here that journalists-activists have been "unlawfully trespassed, detained and identified under this policy." *Id.* ¶ 5.

Plaintiff also states that Defendant operates "under the mistaken assumption that gathering content is an expressive act and regulated by the forum doctrine." *Id.* ¶ 6. She raises "sunshine law obligations" and Defendant's mistaken assumption that the Tax Collector "can declare an expectation of privacy in an area with 20–50 strangers elbow to elbow." *Id.* ¶¶ 7, 8. The complaint contains no dates, times, or names of any individuals, nor any specific occurrence. *Id.* ¶¶ 3–9. It is undisputed that the policy is unchanged and remains the same as it was in May 2023, the time of the specific incident in *Patrick I*. Dkt. 7-2.

## LEGAL STANDARD

A complaint survives dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations need not be detailed, but the plaintiff is still required to provide more than mere labels or conclusions, and the facts must plausibly lay the grounds for an entitlement to relief. *Twombly*, 550 U.S. at 555. The court must accept the facts, not conclusions, as true and view them in the light most favorable to the nonmoving party. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although *pro se* pleadings must be liberally

construed, the court may not act as *de facto* counsel or rewrite a deficient pleading to sustain an action. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*.

## DISCUSSION

The instant complaint simply reiterates the same challenges to the policy as those addressed in *Patrick I* without detailing any facts. Defendant raises several grounds for dismissal with prejudice.

### First Amendment

Plaintiff claims that the Tax Collector has employed the no recording policy "for years now." Dkt. 1-1 ¶ 4. The affidavit attached to Defendant's motion confirms that the policy has not changed. Dkt. 7-2. Plaintiff claims that many journalists "have been unlawfully trespassed and identified under the policy. Dkt. 1-1 ¶ 5.

Plaintiff again states that gathering content is not an "expressive act" regulated by the forum doctrine. Dkt. 1-1 ¶ 6. *Patrick I* addressed whether video recording is "expressive conduct" or noncommunicative information-gathering. *Patrick I*, 2024 WL 4803212, at *4 ("[T]he government may impose restrictions on video recording without violating the First Amendment, depending on the circumstances and the nature of the restriction."). An in-depth forum analysis was

5

conducted applying *McDonough v. Garcia*, 116 F.4th 1319, 1325 (11th Cir. 2024). *Patrick I*, 2024 WL 4803212, at *5 (recognizing that for a limited public forum or a nonpublic forum, the government may impose reasonable and viewpoint neutral restrictions). *Patrick I* found that the Pasco County Tax Collector's policy withstands constitutional scrutiny and did not violate Plaintiff's First Amendment rights. *Patrick I*, 2024 WL 4803212, at *6.

The district court found nothing unlawful about Defendant asking Plaintiff to stop recording and leave, and warning her that if she did not leave, she would be arrested for trespass. *Patrick I*, 2024 WL 4803212, at *7. Accordingly, Plaintiff's First Amendment claims in this complaint, which concern the same First Amendment rights raised in the complaint in *Patrick I*, must be dismissed with prejudice, as discussed below.

**<u>Florida's Sunshine Law</u>**

Plaintiff's mention of the Florida Sunshine Law, for the first time, does not salvage the complaint here. As argued by Defendant, Florida's Sunshine Law applies to government meetings at which official acts are to be taken. Fla. Stat. § 286.011(1); *Sheets v. Jimenez*, No. 2:24-cv-704-SPC-KDC, 2024 WL 5090058, at *6 (M.D. Fla. Dec. 12, 2024). This case does not involve a government meeting, but rather a policy that prohibits recording without consent while inside a government building—the Tax Collectors' office.

6

### *Res Judicata*

Defendant raises *res judicata*, or claim preclusion, based on *Patrick I*. "*Res judicata* prevents plaintiffs from bringing claims related to prior decisions when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (internal quotation marks and citation omitted). The doctrine serves to preclude re-litigation of causes of action that "arise out of the same nucleus of operative facts or are based upon the same factual predicate." *Id.* at 1330 (citing *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020)). A nucleus of operative fact means that "the same facts are involved in both cases, so that the present claim could have been effectively litigated in the prior one." *Id.* at 1330 (quoting *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013)).

The first two elements are satisfied. *Patrick I* was entered by a court of competent jurisdiction. Although *Patrick I* is pending on appeal,[4] the order is considered both effective and "final" for purposes of claim preclusion, or

---

[4] It appears the U.S. Eleventh Circuit has dismissed the appeal. No. 24-14001-H (11th Cir. 2024) at Dkts. 8, 20, ,22.

traditional *res judicata*. *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015); *Boyd v. Sec., Dep't of Corrs.*, 114 F.4th 1232, 1238 (11th Cir. 2024).

Next, Plaintiff argues that Ms. McGuire, an employee of Pasco County Tax Collector's office, and Mike Fasano, the elected Tax Collector, are not in privity. Ms. McGuire has held the position of Office Manager I, managing the Dade City branch office of the Pasco County Tax Collector since April 2021. Dkt. 7-2 ¶ 5. Ms. McGuire provided Ms. Patrick in May 2023 with the copy of the recording policy as noted in *Patrick I*. *Id.* ¶ 6. After Ms. Patrick failed to comply, Ms. McGuire called the Dade City police to have Ms. Patrick trespassed and compelled to leave the building. *Id.* Mr. Fasano had no personal involvement in the trespassing in May 2023.

Plaintiff, however, need not name the same defendants in this action if the parties to the second action are in privity with those of the first action. *See Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357–58 (11th Cir. 2025) (citing *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013)). In *Patrick I*, Plaintiff sued Ms. McGuire in her individual capacity. Here, Plaintiff sues Mike Fasano, as Pasco County Tax Collector, in his individual capacity for "put[ting into place" a policy violative of the First Amendment. Dkt. 1-1 ¶ 3.

Plaintiff argues that the parties are not identical for purposes of privity because Ms. McGuire is a mid-level employee while Mr. Fasano is an elected

8

official. Dkt. 9 at 3. However, both share the job-related goal of carrying out the policy. In any event, the relationship between Ms. McGuire and Mr. Fasano could be considered "sufficiently close so a judgment for or against the [individuals] should bind or protect the [Board]." *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).

Lastly, the plaintiff must raise all legal theories and claims arising from the same nucleus of operative fact. *Rodemaker*, 110 F.4th at 1330. Ms. Patrick challenges the same policy in *Patrick I*. Any new relief requested such as injunctive relief or damages for continuing enforcement does not change the application of *res judicata*. These theories could have raised in *Patrick I*. Under the doctrine of *res judicata*, courts do not relitigate "a matter adjudged." The instant claims seek to do so.

**<u>Prior Restraint</u>**

In the last paragraph of the complaint, Plaintiff concludes that the policy is "unconstitutional as a prior restraint." A strikingly similar case lends guidance on the analysis of prior restraint. See *Sheets v. City of Punta Gorda*, 415 F. Supp. 3d 1115 (M.D. Fla. 2019).

Mr. Sheets walked into City Hall wearing a body camera and began recording two city employees, although each refused consent to recording. *Id.* at 1120. The employees gave Mr. Sheets a copy of the ordinance, and he left for the

9

city police station where an officer issued him a trespass warning. *Id.* A Punta Gorda municipal ordinance prohibited video and sound recording without the consent of those being recorded. *Id.* The district court determined the ordinance was not a prior restraint because it did not "penalize unconsented recording." *Id.* at 1126. The ordinance penalized only "the subsequent refusals to stop recording without consent or leave City Hall because they disrupt the purpose of the forum." *Id.* Like the city ordinance in *Sheets*, the Pasco County Tax Collector's policy against video recording without consent does not constitute an unconstitutional prior restraint.

Accordingly, Defendant's motion to dismiss (Dkt. 7) is granted. Because any amendment would be futile, this case is dismissed with prejudice. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se* and Counsel of Record