UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANA PATRICK,

    Plaintiffs,

Case No. 8:25-cv-01690-WFJ-TGW

v.

MIKE FASANO, Pasco County
Tax Collector,

    Defendant.
_____/

## DEFENDANT MIKE FASANO, PASCO COUNTY TAX COLLECTOR's MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES
### (42 U.S.C. §1988)

Pursuant to Fed. R. Civ. P. 54 and Local Rule 7.01, Defendant, MIKE FASANO, as PASCO COUNTY TAX COLLECTOR ("TAX COLLECTOR"), through counsel, moves the court to determine the TAX COLLECTOR's entitlement to recover attorney's fees from the Plaintiff, LANA PATRICK, and states:

**A. Specification of the judgment and the statute, rule, or other ground entitling the TAX COLLECTOR to the award**

1. 42 U.S.C. §1988 entitles the TAX COLLECTOR to an award of attorney's fees against Plaintiff. 42 U.S.C. §1988(b) states in pertinent part (emphasis supplied):

> **(b) Attorney's Fees**
>
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, *1983,* 1985, and 1986 of this title, … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, …

42 U.S.C. §1988(b). *See also Beach Blitz Co. v. City of Miami Beach, Florida,* 13 F.4th 1289 (11th Cir. 2021).

**B.     Fair Estimate of Amount Sought**

2.     Prior to preparation and filing of this motion, the TAX COLLECTOR has incurred reasonable attorneys' fees in the amount of approximately **$4,000.00.** The undersigned estimates that an additional $1,000.00 will be incurred in the proceedings to collect attorney's fees, resulting in a fair estimate of the amount sought to be approximately **$5,000.00.**

**C.     Memorandum of Law**

3.     On June 6, 2025, Plaintiff commenced this action by filing her Complaint for Violation of Civil Rights (Non-Prisoner Complaint) (Dkt. 1) (the "Complaint") against the TAX COLLECTOR. The Complaint was served on TAX COLLECTOR.

4.     The Complaint (1) challenged the TAX COLLECTOR's policy prohibiting journalists from video recording without prior approval and (2) sought punitive damages in the amount of $100,000.00. Significantly, Plaintiff pled

her claims in the Complaint as *civil rights* claims, all brought under **42 U.S.C. §1983.**

5. Plaintiff challenged the TAX COLLECTOR's policy based on theories related to the First Amendment, "expressive conduct," improper application of the forum doctrine, the Florida Sunshine Law, and prior restraint.

6. All of the claims alleged in Plaintiff's Complaint, except for the Sunshine Act claim, had previously been adjudicated ***against*** Plaintiff in *Patrick v. McGuire,* No. 8:24-cv-999-MSS-NHA, 2024 WL 4803212 (M.D. Fla. Nov. 15, 2024) ("*Patrick I*"). *Patrick I* was dismissed with prejudice.

7. The TAX COLLECTOR filed a motion to dismiss (Dkt. 7) and, on November 25, 2025, the Court entered the Order (Dkt. 12) dismissing the Complaint (and all claims therein), once again, with prejudice, finding that "…any amendment would be futile…" Order at 10.

8. In the Order (Dkt. 12), the court adopted the "thorough and well-reasoned" analysis of *Patrick I* as to all claims on the merits (except the Florida Sunshine Law claim, which was not raised in *Patrick I*), summarily dismissed the Florida Sunshine Law claim as obviously inapplicable, and ruled that, based on *Patrick I, res judicata* barred Plaintiff from bringing her claims in this lawsuit[1].

---

[1] The Order (Dkt. 12) also ruled against Plaintiff's prior restraint argument, but this argument was also addressed in *Patrick I* as a part of Judge Scriven's First Amendment analysis.

9. 42 U.S.C. §1988(b) states in pertinent part (emphasis supplied):

**(b) Attorney's Fees**

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, *1983,* 1985, and 1986 of this title, … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, …

10. In *Beach Blitz Co. v. City of Miami Beach, Florida,* 13 F.4th 1289, 1296-97 (11th Cir. 2021), the Eleventh Circuit set forth the applicable law for defendants to recover attorney's fees pursuant to 42 U.S.C. §1988(b) (emphasis supplied):

> Because Congress intended for prevailing defendants to recover fees only when forced to defend suits *"having no legal or factual basis,"* Christiansburg, 434 U.S. at 420, 98 S.Ct. 694, a defendant may recover attorney's fees "only if the District Court finds that the plaintiff's action was *frivolous, unreasonable, or without foundation*, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quotation marks omitted); accord CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 136 S. Ct. 1642, 1646, 194 L.Ed.2d 707 (2016) ("When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's 'claim was *frivolous, unreasonable, or groundless*,' or if 'the plaintiff continued to litigate after it clearly became so.' ") (quoting Christiansburg, 434 U.S. at 422, 98 S.Ct. 694).

*Beach Blitz Co. v. City of Miami Beach, Florida,* 13 F.4th 1289, 1296-97 (11th Cir. 2021). *See also Fox v. Vice,* 563 U.S. 826, 833, 131 S.Ct. 2205, 2213, 180 L.Ed.2d 45 (2011) (holding that "(a)ccordingly, §1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation'"). In the context of local government

law/regulation, *see Vavrus v. Russo,* 243 Fed. Appx. 561 (11th Cir. 2007) (same holding).

### The Tax Collector Defendants are Prevailing Parties

11. The first inquiry under *Beach Blitz* is whether the TAX COLLECTOR is a prevailing party.

12. A defendant prevails if the defendant rebuffed the plaintiff's efforts to effect a material alteration in the legal relationship between the parties. *Beach Blitz Co.,* 13 F. 4th at 1298.

13. Plaintiff in this case sought to have the TAX COLLECTOR's policy prohibiting journalists from video recording without prior approval legally invalidated and sought an award of punitive damages in the amount of $100,000.

14. The TAX COLLECTOR rebuffed Plaintiff's attempt to have the TAX COLLECTOR's policy prohibiting journalists from video recording without prior approval legally invalidated and rebuffed Plaintiff's claim for punitive damages in the amount of $100,000. Therefore, the TAX COLLECTOR successfully opposed Plaintiff's efforts to effect a material alteration in the legal relationship between the parties. *See Beach Blitz Co., infra.*

15. Clearly, the TAX COLLECTOR is the prevailing party in this case.

## Plaintiffs' claims were frivolous, unreasonable, and without foundation, and otherwise groundless

16. The second relevant inquiry under *Beach Blitz* for determining entitlement to attorney's fees is whether plaintiffs' claims were frivolous, unreasonable, groundless, or without foundation. *Beach Blitz*, 13 F.4th at 1301.

17. In this case, Plaintiff had previously litigated all but one of the claims brought in the instant case (in *Patrick I*) ***and lost. Patrick I was dismissed with prejudice.*** Plaintiff was on notice that her claims were without merit based on her loss in *Patrick I* and, yet, she still elected to file the instant case ***based largely on the same claims and on the identical nucleus of operative fact. This alone requires finding that Plaintiff's claims were frivolous, unreasonable, and/or without foundation, and otherwise groundless. Also, Plaintiff continued to litigate after she knew this to be the case.*** *See Beach Blitz Co*, 13 F.4th at 1296-97.

18. The remaining claim under the Florida Sunshine Law was dismissed with prejudice because "Florida's Sunshine Law applies to government meetings at which official acts are taken…This case does not involve a government meeting, but rather a policy that prohibits recording without consent while inside a government building – the Tax Collector's office." Order (Dkt. 7) at p. 6. Clearly, this claim was without foundation and groundless, if not totally frivolous and unreasonable.

19. All of the claims pled by Plaintiff were without foundation and groundless (and unreasonable) and this is enough to award attorney's fees under 42 U.S.C. §1988(b). However, the TAX COLLECTOR also asserts that all of Plaintiff's claims were frivolous.

20. The frivolity of a claim is determined on a case-by-case basis. *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1190 (11th Cir. 1985). In determining whether a claim is frivolous, *Sullivan* sets forth three (3) factors to consider: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits. *Sullivan,* 773 F.2d at 1189; *Beach Blitz,* 13 F.4th at 1302. The *Sullivan* factors are "general guidelines only, not hard and fast rules." *Cordoba v. Dillards, Inc.,* 409 F.3d 1169, 1177 (11th Cir. 2005) (quoting *Sullivan,* 773 F.2d at 1189).

21. Application of the *Sullivan* factors all weigh in favor of finding Plaintiff's claims frivolous: (1) Plaintiff did not establish a *prima facie* case as to any of the claims she pled[2]; (2) the TAX COLLECTOR never offered settlement prior to entry of the Order (Dkt. 12); and (3) the case was dismissed prior to trial.

---

[2] Application of the first *Sullivan* factor weighs in support of finding Plaintiff's claims frivolous because Plaintiff's claims were dismissed with prejudice. *Kohler v. Garlets,* 2014 WL 12617466 at *1 (M.D. Fla. May 13, 2014). *See also Steffens v. Nocco,* 2022 WL 1467353 at *2 (M.D. Fla. April 21, 2022), *report adopted* 2022 WL 1459551 (M.D. Fla. May 9, 2022) (finding *Sullivan* factor one weighed in favor of a party seeking fees when four out of five

22. The court's finding that *res judicata* applied only underscores that Plaintiff's claims were frivolous. A prevailing defendant will be granted attorney's fees under 42 USC § 1983 "…when the claim is dismissed on res judicata grounds if the plaintiff or plaintiff's attorney 'knew, or as a conscientious attorney should have known that the claims being raised in the federal case were precluded on res judicata grounds'". *McDonough v. City of Homestead, Florida,* 2022 WL 6849126 at *5 (11th Cir. 2022).

23. It is "clearly apparent" to a plaintiff and others that a plaintiff's claims are barred by *res judicata,* thus precluding a plaintiff from establishing a *prima facie* case, if the plaintiff's complaint is no more than an attempt to (1) supplement a different case pending before another judge of the same district; or (2) ***relitigate cases before other judges in the district which have been dismissed***." *McDonough,* 2022 WL 6849126 at *5 (emphasis supplied).

24. This is precisely what has occurred in the instant case: Plaintiff attempted to relitigate a case she previously brought before another judge of this court (*Patrick I,* with the same claims and same nucleus of operative fact), and which was dismissed with prejudice. Hence, she was well aware, and should be

---

of opposing party's claims dismissed with prejudice). Also, the application of *res judicata* militates in favor of finding a plaintiff did not establish a *prima facie* case. *McDonough v. City of Homestead, Florida,* 2022 WL 6849126 at *5 (11th Cir. 2022).

deemed to have had knowledge, that *res judicata* applied to her claims pled in this case. *See also Foley v. Orange County,* 2023 WL 11887316 (M.D. Fla. November 2, 2023) (finding that plaintiff's claims were frivolous on grounds of *res judicata* where (1) *pro se* plaintiff knew that previous suit and present suit were based on same nucleus of operative fact, and (2) *pro se* plaintiffs were familiar with legal process, having pursued, *and lost*, the same claims in other court cases).

25. Hence, not only were Plaintiff's claims groundless and without foundation (and unreasonable), they were also clearly frivolous.

WHEREFORE, the TAX COLLECTOR respectfully requests the Court to enter an order which (1) determines that the TAX COLLECTOR is entitled to an award of attorney's fees against Plaintiff and (2) allows the TAX COLLECTOR to proceed under Local Rule 7.01(c).

Respectfully submitted,

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esq.
Fla. Bar No. 499234
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

Attorneys for Defendants, MIKE FASANO as PASCO COUNTY TAX COLLECTOR

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that he has conferred with the Plaintiff, and her response is as follows: (1) Plaintiff and the undersigned attorney communicated/conferenced by e-mail and Plaintiff **objects to** this motion and the relief sought herein.

/s/ Frederick T. Reeves<br>
Frederick T. Reeves, Esq.

## Certificate of Service

I HEREBY CERTIFY that, on December 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, resulting in electronic service of these documents on the following, and served a copy of the foregoing motion by First Class U.S. Mail, postage prepaid, and e-mail to the following:

Lana Patrick, *pro se*
9378 Arlington Expressway PMB 204
Jacksonville, Florida 32225
thejtownpress@gmail.com

/s/ Frederick T. Reeves<br>
Frederick T. Reeves, Esq.