UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANA PATRICK,
Plaintiff,

v.

Case No. 8:25-cv-01690-WFJ-TGW

MIKE FASANO,
Pasco County Tax Collector,
Defendant.
_____/

**PLAINTIFF'S MOTION TO STAY SANCTIONS PROCEEDINGS AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR RULE 11 SANCTIONS AND ATTORNEY'S FEES (42 U.S.C. §1988)**

COMES NOW Plaintiff, Lana Patrick, pro se, and moves this Court to stay all proceedings concerning:

1. Defendant's Rule 11 Motion for Sanctions (tax collector patrick fasano ru...), and

2. Defendant's Motion to Determine Entitlement to Attorney's Fees under 42 U.S.C. §1988 (Motion to Determine Entitlement...),

until Plaintiff's pending appeal before the Eleventh Circuit is fully resolved.

In addition to requesting a stay, Plaintiff hereby responds in opposition to Defendant's request for attorney's fees and sanctions and asks the Court to deny both motions.

**I. INTRODUCTION**

Defendant has filed:

(A) A Rule 11 Motion for Sanctions, alleging Plaintiff's Complaint was frivolous; and
(B) A Motion for Attorney's Fees under 42 U.S.C. §1988, claiming Plaintiff's claims were frivolous, unreasonable, or groundless.

Both motions rely entirely on the merits of the final dismissal order. That order is currently the subject of Plaintiff's pending appeal to the Eleventh Circuit.

Because the appellate court will determine whether:

- Res judicata was properly applied,
- Amendment should have been permitted,
- The First Amendment claim was viable, and
- The dismissal with prejudice was correct,

the sanctions and fee motions are premature and risk irreconcilable conflict with the appellate decision.

A stay is required.

## II. LEGAL STANDARD FOR A STAY

Federal courts possess inherent authority to stay all collateral matters when an appeal raises overlapping or controlling issues. Landis v. North American Co., 299 U.S. 248, 254–55 (1936).

## III. ARGUMENT FOR A STAY

### A. The issues in both sanctions motions are identical to those on appeal

Defendant argues that Plaintiff's claims were:

- Barred by res judicata,
- Meritless based on Patrick I,
- Frivolous under §1988,
- Filed in bad faith.

(See Rule 11 motion, paragraphs 4–36, tax collector patrick fasano ru...; Attorney Fee Motion, paragraphs 4–25, Motion to Determine Entitlement...)

Plaintiff's appeal challenges these exact determinations, including:

1. Whether res judicata applies;
2. Whether the complaint states a First Amendment claim;
3. Whether dismissal with prejudice was appropriate;

  4. Whether Plaintiff was entitled to amend;
  5. Whether the district court erred by relying on prior litigation rather than analyzing the present complaint.

The overlap is complete.
Proceeding with sanctions now would require the Court to determine the same merits issues already under appellate review.

This is the textbook situation for a stay.

## B. Plaintiff will suffer irreparable harm without a stay

Rule 11 sanctions and §1988 attorney-fee awards are serious and punitive. Courts recognize sanctions impose:

- Financial hardship,
- Reputational stigma,
- Collateral consequences in future litigation.

These harms cannot be undone if the Eleventh Circuit ultimately reverses or modifies the judgment.

## C. Defendant will suffer no prejudice from a temporary stay

If the Eleventh Circuit affirms, Defendant may re-raise both motions in full.
If the Eleventh Circuit reverses or remands, the sanctions motions would have become irrelevant.

A short stay preserves resources for both the Court and the parties.

## IV. RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES (42 U.S.C. §1988)

Defendant claims entitlement to $5,000 in fees under §1988.

The law is clear:

Prevailing defendants may only recover attorney's fees when the plaintiff's claims are frivolous, unreasonable, or groundless.

This standard was set by:

- Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)
- Hughes v. Rowe, 449 U.S. 5 (1980)
- Fox v. Vice, 563 U.S. 826 (2011)
- Beach Blitz Co. v. Miami Beach, 13 F.4th 1289 (11th Cir. 2021)

These cases require extreme caution before awarding fees against civil rights plaintiffs.

Defendant cannot satisfy this standard.

### A. A claim is not frivolous simply because it is unsuccessful

The Supreme Court warns:

"A claim is not frivolous merely because the plaintiff did not ultimately prevail." — Christiansburg, 434 U.S. at 421.

Here:

- Plaintiff raised a facial First Amendment challenge distinct from Patrick I.
- Plaintiff sued a different defendant in a policymaking capacity.
- Plaintiff sought prospective injunctive relief, never addressed in Patrick I.
- Plaintiff's claim was based on post-2024 Eleventh Circuit law (McDonough v. Garcia, 2024).

These factors alone defeat any assertion of frivolity.

### B. A claim involving unresolved or evolving First Amendment law cannot be frivolous

The Eleventh Circuit (and courts nationwide) treat First Amendment recording cases as legally unsettled.
A claim in an evolving area of constitutional law cannot be "groundless."

### C. Plaintiff's claims were not barred by res judicata

Defendant's fee motion relies heavily on the argument that Plaintiff "knew" the claims were barred.

But Plaintiff's appeal specifically raises:

- Different parties
- Different capacities
- A different cause of action
- A facial challenge rather than a damages claim
- Ongoing harm
- Prospective relief unavailable in Patrick I

Where claim preclusion is disputed, no fee award is appropriate.

### D. Sullivan factors do NOT support a finding of frivolity

Defendant relies on Sullivan v. School Board of Pinellas County.

Each factor weighs against a fee award here:

1. Prima facie case – Plaintiff presented a constitutional theory supported by case law.
2. No settlement offer – Not relevant under Christiansburg.
3. Dismissal prior to trial – The Supreme Court has held this does not automatically support frivolity (Hughes v. Rowe).

Thus, Defendant's reliance on these factors is misplaced.

### E. Imposing fees against a civil rights plaintiff is reserved for exceptional cases — this is not one

The Supreme Court warns:
"It is important that civil rights plaintiffs not be deterred from bringing legitimate claims."
— Hughes, 449 U.S. at 14.

This case is far from the "rare and exceptional" category required for a defendant fee award.

### V. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court:

1. Stay all proceedings related to
   - Defendant's Rule 11 sanctions motion (tax collector patrick fasano ru...)
   - Defendant's §1988 attorney-fee motion (Motion to Determine Entitlement...)

   until resolution of the pending appeal.
2. Deny Defendant's request for attorney's fees because Plaintiff's claims were not frivolous, unreasonable, or groundless under Christiansburg and Eleventh Circuit precedent.
3. Grant any other relief deemed just and proper.

Respectfully submitted,

*/s/ Lana Patrick*

9378 Arlington Expy PMB 204
Jacksonville, FL 32225
(904)-524-6030
thejtownpress@gmail.com

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that she has conferred with the Defendant's attorney and the Defendant and his attorney **object to** this motion and the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of December, 2025, a true and correct copy of the foregoing was served by U.S. Mail to:

Frederick T. Reeves, Esq.
5709 Tidalwave Drive
New Port Richey, FL 34652
freeves@tbaylaw.com

/s/ *Lana Patrick*

9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
thejtownpress@gmail.com
(904)-524-6030